# Exhibit "A"

 CT Corporation

**Service of Process Transmittal**
01/02/2018
CT Log Number 532553385

TO:      Bethanne Lee
         MetLife Auto & Home
         700 Quaker Ln, Law Department Area 2C
         Warwick, RI 02886-6669

RE:      **Process Served in New Jersey**

FOR:     Metropolitan Property and Casualty Insurance Company  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Christopher Orsatti and Claire Orsatti, etc., Pltfs. vs. Metropolitan Property and Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Statement(s), Complaint |
| **COURT/AGENCY:** | Camden County Superior Court - Law Division, NJ<br>Case # CAML00447117 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 01/02/2018 postmarked on 11/28/2017 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you received this summons, not counting the date you received it |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey S. Simons<br>Jacobs, Schwalbe & Petruzzelli, PC<br>Ten Melrose Avenue<br>Suite 340<br>CHerry Hill, NJ 08003<br>856-429-6661 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/03/2018, Expected Purge Date: 01/08/2018<br><br>Image SOP<br><br>Email Notification,  CTServiceof Process  mah_sop@metlife.com<br><br>Email Notification,  Bethanne Lee  blee5@metlife.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ 08628<br>609-538-1818 |

Page 1 of  1 / AJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



US POSTAGE
PITNEY BOWES
$ 000.67⁰
02 1P
0000884611   DEC 28 2017
MAILED FROM ZIP CODE 08003

**JS&P** Jacobs,
Schwalbe &
Petruzzelli, P.C.
*Attorneys at Law*

Woodcrest Pavilion
Ten Melrose Avenue, Suite 340
Cherry Hill, NJ 08003

Metropolitan Property & Casualty Insurance Co.
c/o The Corporation Trust Company
820 Bear Tavern Road, 3rd Floor
West Trenton, NJ 08628

08528:1021-C048

# JACOBS, SCHWALBE & PETRUZZELLI, P.C.

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
WOODCREST PAVILION
TEN MELROSE AVENUE – SUITE 340
CHERRY HILL, NEW JERSEY 08003
FIRM WEBSITE:   WWW.JACOBSLAWOFFICE.COM

MARK S. JACOBS
ALAN L. SCHWALBE*†
ROBERT A. PETRUZZELLI*
LAUREN S. TOVINSKY*
JEFFREY S. SIMONS*
JOHN MORELLI, OF COUNSEL*††

* ALSO MEMBERS OF PA BAR

† CERTIFIED BY THE NEW JERSEY SUPREME COURT
  AS A WORKERS' COMPENSATION ATTORNEY

†† CERTIFIED BY THE NEW JERSEY SUPREME COURT
   AS A CIVIL TRIAL ATTORNEY

PHONE  (856)  429-5681
FAX        (856)  429-7587

December 28, 2017

## *Via Certified Mail, RRR and Regular Mail*

Metropolitan Property & Casualty Insurance Co.
c/o The Corporation Trust Company
820 Bear Tavern Road, 3rd Floor
West Trenton, NJ 08628

>        Re:    **Orsatti v. Metropolitan Property & Casualty Ins. Co.**
>               **Docket No. CAM-L-004471-17**

Dear Sir or Madam:

Enclosed please find a Summons and Complaint in reference to the above-captioned matter.

Very truly yours,

JACOBS, SCHWALBE & PETRUZZELLI
A Professional Corporation

JEFFREY S. SIMONS, ESQUIRE

JSS/slg

Enclosures

cc:  Sweeney & Sheehan

*JACOBS, SCHWALBE & PETRUZZELLI, PC*
*JEFFREY S. SIMONS, ESQUIRE*
*Attorney I.D. No.: 009722011*
*Ten Melrose Avenue, Suite 340*
*Cherry Hill, NJ 08003*
*(856) 429-5661*
*Attorneys for the Plaintiffs, Christopher Orsatti and Claire Orsatti*

| | |
|---|---|
| Plaintiff(s) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| CHRISTOPHER ORSATTI and CLAIRE ORSATTI, Husband and Wife, | CAMDEN COUNTY |
| v. | DOCKET NO. CAM-L-004471-17 CIVIL ACTION |
| Defendant(s) | |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | *SUMMONS* |

*From The State of New Jersey*

To The Defendant(s) Named Above:   **Metropolitan Property and Casualty Insurance Company**

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit.

If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.) A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above.

A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief Plaintiff demands, plus interest and costs of suit.   If Judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the Judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.   A list of these offices is provided.   If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.   A list of these numbers is also provided.

By:   */s/ Michelle M. Smith*
      Michelle M. Smith
      Clerk, Superior Court

Dated:    December 28, 2017

*Name of Defendant to be Served:*       **Metropolitan Property and Casualty Insurance Company**
*Address of Defendant to be Served:*    **c/o The Corporation Trust Company**
                                        **820 Bear Tavern Road, 3rd Floor**
                                        **West Trenton, NJ 08628**

2

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200
**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166
**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088
**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010
**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001
**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES - (856) 451-0003
**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES - (973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360
**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363
**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979
**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES - (609) 695-6249
**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES - (732) 249-7600
**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES - (732) 866-0020
**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES - (973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727
**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171
**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003
**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840
**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400
**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES - (908) 354-4340
**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

3

CAM-L-004471-17   11/16/2017 4:52:50 PM  Pg 1 of 1 Trans ID: LCV2017492178

# Civil Case Information Statement

### Case Details: CAMDEN | Civil Part Docket# L-004471-17

**Case Caption:** ORSATTI CHRISTOPH VS
METROPOLITAN PROPERT Y AND

**Case Initiation Date:** 11/16/2017

**Attorney Name:** JEFFREY S SIMONS

**Firm Name:** JACOBS SCHWALBE & PETRUZZELLI, PC

**Address:** 10 MELROSE AVENUE SUITE 340
CHERRY HILL NJ 08003

**Phone:**

**Name of Party:** PLAINTIFF : ORSATTI, CHRISTOPH

**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** UM OR UIM CLAIM (INCLUDES BODILY INJURY)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Plaintiff name is CHRISTOPHER Orsatti
not enough room in the box to type his full name

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/16/2017
Dated

/s/ JEFFREY S SIMONS
Signed

CAM-L-004471-17   11/16/2017 4:52:50 PM  Pg 1 of 8 Trans ID: LCV2017492178

**Appendix XII-B1**



| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Jeffrey S. Simons, Esquire | (856) 429-5661 | Camden |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Jacobs, Schwalbe & Petruzzelli, P.C. | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| Ten Melrose Avenue - Suite 340 Cherry Hill, NJ 08003 | Complaint |
| | JURY DEMAND  ☒ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Christopher Orsatti and Claire Orsatti, Plaintiffs | Orsatti v. Metropolitan Property and Casualty Insurance Company |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? ☐ YES  ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
|---|---|---|
| 621 | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes  ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes  ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) N/A | ☐ NONE ☐ UNKNOWN |
|---|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ Yes  ☐ No | IF YES, IS THIS RELATIONSHIP? ☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ☐ FAMILIAL  ☒ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☒ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes  ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes  ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

CAM-L-004471-17   11/16/2017 4:52:50 PM  Pg 2 of 8 Trans ID: LCV2017492178



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 292 | PELVIC MESH/BARD |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 289 | REGLAN | 601 | ASBESTOS |
| 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION | 623 | PROPECIA |
| 291 | PELVIC MESH/GYNECARE | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

*JACOBS, SCHWALBE & PETRUZZELLI, PC*
*JEFFREY S. SIMONS, ESQUIRE*
*Attorney I.D. No.: 009722011*
*Ten Melrose Avenue, Suite 340*
*Cherry Hill, NJ 08003*
*(856) 429-5661*
*Attorneys for the Plaintiffs, Christopher Orsatti and Claire Orsatti*

| | |
|---|---|
| Plaintiff(s) <br><br> CHRISTOPHER ORSATTI and CLAIRE ORSATTI, Husband and Wife, <br><br> v. <br><br> Defendant(s) <br><br> METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> CAMDEN COUNTY <br><br> DOCKET NO. _____ <br><br> CIVIL ACTION <br><br> *COMPLAINT FOR UNDERINSURED MOTORIST COVERAGE* |

The Plaintiffs, Christopher Orsatti and Claire Orsatti, residing at 22 Haines Drive, in the Township of Mantua, New Jersey, by way of Complaint against Defendant, Metropolitan Property and Casualty Insurance Company, by way of Complaint hereby say:

### FIRST COUNT

1.   On or about May 9, 2014, the Plaintiff Christopher Orsatti, was the operator of a motor vehicle traveling eastbound on I-76 in the City of Philadelphia, Commonwealth of Pennsylvania and State of Pennsylvania, when it was struck in the rear by a vehicle operated by the tortfeasor, John Varnis, IV.

2.   At the time of the accident, the tortfeasor, John Varnis, IV, was operating a motor vehicle owned by John Varnis, III, which had a limited policy of automobile insurance with AAA Mid-Atlantic Insurance Company.   That policy of insurance is a limited basic policy, with policy limits of $15,000.00/$30,000.00.   Plaintiff's injuries exceed those limits.

3.      The Plaintiff, Christopher Orsatti, has a policy of insurance with Metropolitan Property and Casualty Insurance Company under Policy No. 2215330620.   Said policy of insurance with Metropolitan Property and Casualty Insurance Company provides for uninsured motorist insurance as well as underinsured motorist insurance in the amount of $100,000.00/$300,000.00.

4.      The Defendant, Metropolitan Property and Casualty Insurance Company acknowledged the underinsured motorist claim of the Plaintiff and did not indicate that there was any limitation or stepdown in coverage for the policy issued to Christopher Orsatti.

5.      The Defendant, Metropolitan Property and Casualty Insurance Company, has failed to offer the full policy limit of $100,000.00 to Plaintiff, Christopher Orsatti, despite clear and convincing evidence that the policy in question should be tendered in light of extensive and numerous injuries of Plaintiff, Christopher Orsatti.

6.      Because of the fact that Defendant, Metropolitan Property and Casualty Insurance Company, has failed to make a fair offer and tender its policy limit, Metropolitan Property and Casualty Insurance Company is in breach of its fiduciary duty to the Plaintiff, Christopher Orsatti, has failed to negotiate in full faith, and has in fact acted in bad faith towards the Plaintiff, Christopher Orsatti, in connection with this matter.

WHEREFORE, the Plaintiff, Christopher Orsatti, hereby demands against the Defendant, Metropolitan Property and Casualty Insurance Company, for the following:

(A)     A declaration that he is entitled to the underinsured motorist benefits from Metropolitan Property and Casualty Insurance Company in the full and complete amount of the policy limit;

(B)     Awarding him all damages for bodily injury in connection with this matter;

(C)    For punitive damages as well as emotional damages in connection with Metropolitan Property and Casualty Insurance Company's failure to act in good faith and tender its policy limit;

(D)    For attorney's fees and costs in connection with the bringing of this action; and

(E)    For other such relief as the Court may deem equitable and just.

### *SECOND COUNT*

1.    For the sake of brevity, the First Count of Plaintiffs' Complaint is incorporated herein and made a part of this Second Count as if fully set forth herein at length.

2.    Plaintiff, Claire Orsatti, is the wife of the Plaintiff, Christopher Orsatti, and is entitled to his care, services, companionship and consortium.

3.    As a result of the negligence by the Defendant, Metropolitan Property and Casualty Insurance Company, the Plaintiff, Claire Orsatti, has been deprived of the care, services, companionship and consortium of her husband, Christopher Orsatti.

WHEREFORE, the Plaintiff, Claire Orsatti, hereupon demands Judgment against the Defendant, Metropolitan Property and Casualty Insurance Company, for such sums as would reasonably and properly compensate her in accordance with the Laws of the State of New Jersey, together with interest and costs of suit.

JACOBS, SCHWALBE & PETRUZZELLI, PC
Attorneys for Plaintiffs, Christopher Orsatti and
Claire Orsatti

By: _____
JEFFREY S. SIMONS, ESQUIRE

Dated:   November 16, 2017

3

### *DEMAND FOR TRIAL BY JURY*

        PLEASE TAKE NOTICE that demand is hereby made by the Plaintiffs for a Trial by Jury as to all issues of this cause of action.

JACOBS, SCHWALBE & PETRUZZELLI, PC
Attorneys for Plaintiffs, Christopher Orsatti and
Claire Orsatti

By: _____
    JEFFREY S. SIMONS, ESQUIRE

Dated:   November 16, 2017

### *DESIGNATION OF TRIAL COUNSEL*

        PLEASE TAKE NOTICE that pursuant to Rule 4:25-4, Jeffrey S. Simons, Esquire, is hereby designated as trial counsel in the above-captioned matter on behalf of the law firm of Jacobs, Schwalbe & Petruzzelli, P.C.

JACOBS, SCHWALBE & PETRUZZELLI, PC
Attorneys for Plaintiffs, Christopher Orsatti and
Claire Orsatti

By: _____
    JEFFREY S. SIMONS, ESQUIRE

Dated:   November 16, 2017

4

## CERTIFICATION PURSUANT TO RULES 4:5-1 and 4:6-1(d)

1.     The Complaint has been filed within the time period allowed by the Rules of the Court.

2.     To the best of my knowledge and belief, this matter is not the subject of any other matters pending in the Superior Court of New Jersey for Camden County.

3.     To the best of my knowledge and belief, there are no other parties who should be joined in this action pursuant to Rule 4:30A.

JACOBS, SCHWALBE & PETRUZZELLI, PC
Attorneys for Plaintiffs, Christopher Orsatti and
Claire Orsatti


By:_____
     JEFFREY S. SIMONS, ESQUIRE


Dated:   November 16, 2017


## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs, Christopher Orsatti and Claire Orsatti, hereby demand Defendant, Metropolitan Property and Casualty Insurance Company, provide certified answers to Form C Interrogatories within the time prescribed by the Rules of the Court.

JACOBS, SCHWALBE & PETRUZZELLI, PC
Attorneys for Plaintiffs, Christopher Orsatti and
Claire Orsatti

By:_____
JEFFREY S. SIMONS, ESQUIRE

Dated:   November 16, 2017

CAM-L-004471-17  11/16/2017 4:52:50 PM  Pg 1 of 1 Trans ID: LCV2017492178

# Civil Case Information Statement

### Case Details: CAMDEN | Civil Part Docket# L-004471-17

**Case Caption:** ORSATTI CHRISTOPH VS
METROPOLITAN PROPERT Y AND

**Case Initiation Date:** 11/16/2017

**Attorney Name:** JEFFREY S SIMONS

**Firm Name:** JACOBS SCHWALBE & PETRUZZELLI, PC

**Address:** 10 MELROSE AVENUE SUITE 340
CHERRY HILL NJ 08003

**Phone:**

**Name of Party:** PLAINTIFF : ORSATTI, CHRISTOPH

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** UM OR UIM CLAIM (INCLUDES BODILY INJURY)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Plaintiff name is CHRISTOPHER Orsatti
not enough room in the box to type his full name

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/16/2017
Dated

/s/ JEFFREY S SIMONS
Signed

MET-2835
**SWEENEY & SHEEHAN**
Sentry Office Plaza, Suite 500
216 Haddon Avenue
Westmont, New Jersey  08108
(856) 869-5600--Telephone
(856) 869-5605--Facsimile
**Frank Gattuso, Esquire**
**Attorney I.D. No.: 002291999**
Attorney for Defendant, Metropolitan Property and Casualty Insurance Company

| CHRISTOPHER ORSATTI and CLAIRE ORSATTI, *Plaintiff,* v. METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, *Defendants.* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION–CAMDEN COUNTY DOCKET NO.:  CAM-L-4471-17 Civil Action **ANSWER TO THE PLAINTIFFS' COMPLAINT ON BEHALF OF DEFENDANT, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY** |
|---|---|

        Defendant, Metropolitan Property and Casualty Insurance Company, by way of Answer
to the Plaintiffs' Complaint, hereby says:

**FIRST COUNT**

        1.      Denied.

        2.      Denied.

        3.      Denied.

        4.      Denied.

        5.      Denied.

        6.      Denied.

        WHEREFORE, Answering Defendant, Metropolitan Direct Property and Casualty
Insurance Company, demands judgment against the Plaintiffs, Christopher Orsatti and Claire
Orsatti, dismissing Plaintiff's Complaint together with the costs of suit, counsel fees and such
relief as this Court may deem appropriate.

## SECOND COUNT

1.      Answering Defendant, Metropolitan Property and Casualty Insurance Company, repeats and reiterates each of its answers to the First Count of the Plaintiffs' Complaint as if each were set forth at length herein.

2.      Denied.

3.      Denied.

WHEREFORE, Answering Defendant, Metropolitan Direct Property and Casualty Insurance Company, demands judgment against the Plaintiffs, Christopher Orsatti and Claire Orsatti, dismissing Plaintiff's Complaint together with the costs of suit, counsel fees and such relief as this Court may deem appropriate.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Answering Defendant was not guilty of any negligence, wrongdoing or breach of duty as claimed.  Defendant is free from any and all negligence.

### SECOND SEPARATE DEFENSE

Any claims against the Answering Defendant are barred, and should be mitigated by the principles of contributory and/or comparative negligence.

### THIRD SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOURTH SEPARATE DEFENSE

Answering Defendant asserts all the rights, privileges, defenses and immunities available under the Tort Claims Act; N.J.S.A. 59:1-1 et. seq.

### FIFTH SEPARATE DEFENSE

Negligence, if any, on the part of Answering Defendant is not the proximate cause of any injuries which may have been sustained by the Plaintiff.

### SIXTH SEPARATE DEFENSE

Plaintiff has assumed the risk.

### SEVENTH SEPARATE DEFENSE

If Plaintiff was injured as alleged in his Complaint, which allegations of injury are

expressly denied, then Answering Defendant avers that Plaintiff's injuries and/or damages were caused by the actions and/or omissions of individuals or entities over whom Answering Defendant had no control, nor the right to control, nor the duty to control.

### EIGHTH SEPARATE DEFENSE

Plaintiff was contributorily negligent and, therefore, any recovery to which Plaintiff would otherwise be entitled to as against Answering Defendant must be reduced by the application of Comparative Negligence Act codified at N.J.S.A. 2A:15-5.1, et seq.

### NINTH SEPARATE DEFENSE

Answering Defendant asserts the applicable Statute of Limitations as a defense.

### TENTH SEPARATE DEFENSE

Plaintiff's claims are barred or limited by the equitable doctrine of laches.

### ELEVENTH SEPARATE DEFENSE

The Plaintiff has failed to comply with the provisions of the New Jersey Automobile Cost Reduction Act, N.J.S.A. 39:6A-1.1, et. seq; which failure constitutes an absolute bar to the maintenance of this action.

### TWELFTH SEPARATE DEFENSE

There was no legal duty owed by the Answering Defendant to the Plaintiff at the time of the incident complained of. In the alternative, if any duty was owing, then there was no breach of that duty by the Defendant.

### THIRTEENTH SEPARATE DEFENSE

Defendant performed fully and properly all of its duties with respect to the subject matter in issue in conformity with the practices, procedures, and applicable standards in its community.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff is barred from recovery inasmuch as the matters complained of were proximately caused by the actions and/or inactions of Plaintiff himself or herself.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff is barred from recovery by operation of the law of waiver.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff is barred from recovery by operation of the law of failure of consideration.

CAM-L-004471-.   01/11/2018 3:10:48 PM  Pg 4 of 9 Trans  . LCV201867171

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff is barred from recovery by the operation of the law of estoppel.

## EIGHTEENTH SEPARATE DEFENSE

Defendant violated no duty of any kind owing to the Plaintiff, but performed properly its duty owing to the Plaintiff.

## NINETEENTH SEPARATE DEFENSE

Plaintiff suffered no losses or damages by reason of any alleged acts of Defendant.

## TWENTIETH SEPARATE DEFENSE

Any losses or damages allegedly sustained by Plaintiff, was caused proximately by the Plaintiff's own actions, or other individuals.

## TWENTY-FIRST SEPARATE DEFENSE

The Court lacks jurisdiction over the person or entities and there is insufficiency of process and service of process.

## TWENTY SECOND SEPARATE DEFENSE

The losses alleged in the Complaint are not covered by the policy of insurance issued to the Plaintiff.

## TWENTY THIRD SEPARATE DEFENSE

The claims set forth in the Complaint are barred by the fraud of the Plaintiff.

## TWENTY FOURTH SEPARATE DEFENSE

The claims of the Plaintiff are barred by the doctrine of unclean hands.

## TWENTY FIFTH SEPARATE DEFENSE

Plaintiff is barred from recovering due to the doctrine of the statute of frauds.

## TWENTY SIXTH SEPARATE DEFENSE

Defendant did not breach any agreement of any kind between the parties.

## TWENTY SEVENTH SEPARATE DEFENSE

Plaintiff has failed to join all parties necessary for a proper adjudication of the within

matter.  Defendant reserves the right pursuant to the Rules of Court to join such additional defendants such as may be determined to be necessary to this action.

### TWENTY EIGHTH SEPARATE DEFENSE

Plaintiff received exactly what they contracted for by way of insurance.

### TWENTY NINTH SEPARATE DEFENSE

Plaintiff's negligence, improper actions, and failure to take necessary action to effectuate proper and adequate insurance coverage solely caused the occurrences, losses and damages alleged in his Complaint.

### THIRTIETH SEPARATE DEFENSE

There was no privity between the complainant and this Defendant.

### THIRTY FIRST SEPARATE DEFENSE

There has been an accord and satisfaction whereby the Defendant is discharged from any liability.

### THIRTY SECOND SEPARATE DEFENSE

The Plaintiff has failed to comply with conditions precedent necessary to a recovery under the contract.

### THIRTY THIRD SEPARATE DEFENSE

The provisions of the policy of insurance represent the complete contract and cannot be amended by the action of any person.

### THIRTY FOURTH SEPARATE DEFENSE

Insofar as the Complaint endeavors to assert a cause of action based on breach of contract (which breach is denied) the damages sought were not within the contemplation of the parties at the time of making of the contract, and further would not naturally result from any breach.

### THIRTY FIFTH SEPARATE DEFENSE

This suit cannot lie because Plaintiff failed to comply with the conditions of the contract.

### THIRTY SIXTH SEPARATE DEFENSE

This Defendant having fully performed its contract, the contract is terminated and Plaintiff cannot sue thereon.

## THIRTY SEVENTH SEPARATE DEFENSE

Answering Defendant hereby reserves the right upon completion of its investigation and discovery to file such additional defenses, separate defenses, counterclaims and/or third party Complaints, as may be appropriate.

## THIRTY EIGHTH SEPARATE DEFENSE

Defendant, Metropolitan Property and Casualty Insurance Company did not breach any agreement of any kind between the parties.

## THIRTY NINTH SEPARATE DEFENSE

Plaintiff received exactly what he contracted for by way of insurance.

## FORTIETH SEPARATE DEFENSE

Any claim by any party hereto as against Metropolitan Property and Casualty Insurance Company is subject to all applicable terms, conditions, provisions, endorsements, and exclusions of the insurance policy governing the relationship between Metropolitan Property and Casualty Insurance Company, and its insured in this case.

## FORTY-FIRST SEPARATE DEFENSE

Any and all injuries and damages sustained by the Plaintiff were caused by Plaintiff's negligence in failing to wear seatbelts in violation of N.J.S.A. 38:3-76.2, et. seq. and Plaintiff's damages are reduced accordingly.

## FORTY-SECOND SEPARATE DEFENSE

Answering Defendant asserts that they are entitled to a credit or set-off with respect to all collateral payments to plaintiff for injuries or damages arising from the incident alleged pursuant to N.J.S.A. 2A:15-97.

## FORTY-THIRD SEPARATE DEFENSE

The Complaint improperly makes demands for damages for items not cognizable pursuant to N.J.S.A. 39:6A-12.

## FORTY-FOURTH SEPARATE DEFENSE

Defendant performed in good faith each and every duty owed under the applicable contract of insurance.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

At all times relevant, Defendant acted in good faith in its dealings with the Plaintiff.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages as alleged in the Complaint which allegations of damages are denied, then Plaintiff failed to mitigate her damages as required by law.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant performed fully and properly all of its duties with respect to the subject matter at issue in conformity with the practices, procedures and applicable standards in the community.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

The Defendant has not committed any statutory fraud or common law fraud.

### FORTY-NINTH AFFIRMATIVE DEFENSE

There was no intentional wrongdoing or evil-minded act accompanied by wanton and willful disregard of the rights of another by the Defendants to warrant punitive damages.

### FIFTIETH AFFIRMATIVE DEFENSE

There was no actual malice or reckless act on the part of the Defendants.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendants performed fully and properly all of their duties with respect to the subject matter at issue in conformity with the practices, procedures and applicable standards in the community.

### RESERVATION OF DEFENSES AND OBJECTIONS

Answering Defendant hereby reserves the right to interpose such other defenses and objections as continuing investigation and discovery may disclose.

### DESIGNATION OF TRIAL COUNSEL

In accordance with R.4:25-4, Frank Gattuso, Esquire, is trial counsel for Defendant, Metropolitan Property and Casualty Insurance Company.

### DEMAND FOR STATEMENT OF DAMAGES

Answering Defendant, Metropolitan Property and Casualty Insurance Company, demands of Plaintiffs, a written statement of damages claimed pursuant to R.4:5-2 within five (5) days of service.

### DEMAND FOR JURY TRIAL

A trial by jury is herewith demanded as to all issues herein.

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties who should be joined in the within action.

**SWEENEY & SHEEHAN**
Attorneys for Defendant, Metropolitan Property and
Casualty Insurance Company

By:_____
Frank Gattuso, Esquire
For the Firm

Dated: _____

**MET-2835**
**SWEENEY & SHEEHAN**
Sentry Office Plaza, Suite 500
216 Haddon Avenue
Westmont, New Jersey 08108
(856) 869-5600--Telephone
(856) 869-5605--Facsimile
**Frank Gattuso, Esquire**
**Attorney I.D. No.: 002291999**
Attorney for Defendant, Metropolitan Property and Casualty Insurance Company

| | |
|---|---|
| CHRISTOPHER ORSATTI and CLAIRE ORSATTI, *Plaintiff,* <br><br> v. <br><br> METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, *Defendants.* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION–CAMDEN COUNTY DOCKET NO.: CAM-L-4471-17 <br><br> Civil Action <br><br> **PROOF OF FILING** |

I hereby certify that a copy of Answering Defendant, Metropolitan Property and Casualty Insurance Company's, Answer to Plaintiffs' Complaint with Affirmative Defenses and Crossclaims was filed via Court's Electronic Website and; therefore, simultaneously served upon all interested counsel on _____.

By: _____
Frank Gattuso
For Sweeney & Sheehan

CAM-L-004471·      01/11/2018 3:10:36 PM  Pg 1 of 1 Tran     : LCV201867171

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-004471-17**

**Case Caption:** ORSATTI CHRISTOPH  VS
METROPOLITAN PROPERT Y AND

**Case Initiation Date:** 11/16/2017

**Attorney Name:** GIACOMO FRANCESCO GATTUSO

**Firm Name:** SWEENEY & SHEEHAN PC

**Address:** 216 HADDON AVE STE 500

WESTMONT NJ 08108

**Phone:**

**Name of Party:** DEFENDANT : METROPOLITAN
PROPERTY AND CASU

**Name of Defendant's Primary Insurance Company**

(if known): Metropolitan Property and Casualty Insurance Co.

**Case Type:** UM OR UIM CLAIM (INCLUDES BODILY INJURY)

**Document Type:** Answer

**Jury Demand:** YES - 12 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>01/11/2018</u>                                                               <u>/s/ GIACOMO FRANCESCO GATTUSO</u>
Dated                                                                                                              Signed

CAM-L-004471-    01/30/2018 2:35:46 PM  Pg 1 of 2 Trans    : LCV2018184561

MET-2835
**SWEENEY & SHEEHAN**
Sentry Office Plaza, Suite 500
216 Haddon Avenue
Westmont, New Jersey  08108
(856) 869-5600--Telephone
(856) 869-5605--Facsimile
**Frank Gattuso, Esquire**
**Attorney I.D. No.:  002291999**
Attorney for Defendant, Metropolitan Property and Casualty Insurance Company

| | |
|---|---|
| CHRISTOPHER ORSATTI and CLAIRE ORSATTI, <br> *Plaintiff,* <br><br> v. <br><br> METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, <br> *Defendants.* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION–CAMDEN COUNTY DOCKET NO.:  CAM-L-4471-17 <br><br> Civil Action <br><br> **CONSENT ORDER** |

     **IT IS** hereby agreed, by and among counsel for Plaintiffs, Christopher Orsatti and Claire

Orsatti, and Defendant, Metropolitan Property & Casualty Insurance Company, that the claim set

forth in the First Count, Paragraph 6, for Punitive Damages and Possible Bad Faith for the

Defendant's failure to adjust the claim and compensate the Plaintiff for his injuries and damages.

It is hereby severed and stayed, and may be considered by the Court once the Plaintiff establishes

a legal right to pursue such claims following a resolution of the other claims set forth in the

Complaint.

     The undersigned, Jeffrey S. Simons, Esquire, as counsel for the Plaintiffs, and Frank

Gattuso, Esquire, as counsel for the Defendant, consent to the formal entry of this Order.

JEFFREY S. SIMONS, ESQUIRE

FRANK GATTUSO, ESQUIRE

DATED: 1/30/18